```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
```
MANTOVANY A. DOUGE,

                Plaintiff,

      - against -

NATIONSTAR MORTGAGE LLC, FIRST
FRANKLIN MORTGAGE LOAN TRUST,
MORTGAGE LOAN ASSET-BACKED
CERTIFICATES, SERIES 2007-1, MERRILL
LYNCH MORTGAGE LENDING, INC., FIRST
FRANKLIN FINANCIAL CORPORATION,
MERRILL LYNCH BANK & TRUST CO., FSB,
AMERICAN SECURITY INSURANCE
COMPANY,

                Defendants.

**MEMORANDUM AND ORDER**
14-CV-6139 (RRM) (LB)

```
------------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff, Mantovany A. Douge, proceeding *pro se*, commenced this action on October 20, 2014 against: Nationstar Mortgage LLC ("Nationstar"), First Franklin Mortgage Loan Trust, and Mortgage Loan Asset-Backed Certificates, Series 2007-1 ("First Franklin Trust"), (collectively, "Sandelands Eyet defendants"); Merrill Lynch Mortgage Lending, Inc. ("Merrill Lynch Lending") and First Franklin Financial Corporation ("First Franklin Corp."), (collectively, "Bryan Cave defendants"); Merrill Lynch Bank and Trust Co., FSB ("Merrill Lynch Trust"); and American Security Insurance Company ("American Security"). Douge seeks damages from defendants for alleged violations of the Truth in Lending Act ("TILA"),[1] codified at 15 U.S.C. § 1601, and violations of the Fair Debt Collection Practices Act ("FDCPA"), codified at 15

---

[1] The complaint, though stating that Douge seeks relief "under the authority of 15 U.S.C. § 1601, et seq," (the Truth in Lending Act), does not assert any claims thereunder. Rather, Douge asserts claims under the FDCPA. The Bryan Cave and Sandelands Eyet defendants have framed their arguments in accord with this observation. The nature of Douge's claim has no bearing on American Security's motion.

U.S.C. § 1692. (Compl. (Doc. No. 1).) Defendants have filed three motions to dismiss. (Sandelands Eyet Mot. to Dismiss (Doc. No. 22); Bryan Cave Mot. to Dismiss (Doc. No. 27); American Security Mot. to Dismiss (Doc. No. 39).) For the reasons discussed below, defendants' motions are GRANTED.

## PROCEDURAL HISTORY

Douge commenced this action on October 20, 2014. On October 23, 2014, Magistrate Judge Bloom issued an order advising Douge that if service of process was not made by February 17, 2015, the action would be dismissed without prejudice, absent a showing of good cause for further delay. (10/23/2014 Order (Doc. No. 4).) On February 19, 2015, two days after the deadline, Douge requested an extension. (Douge Aff. (Doc. No. 5).) Judge Bloom granted an extension *nunc pro tunc* and ordered that process be served before March 17, 2015. (2/24/15 Order (Doc. No. 6).) As best the Court can determine, Douge eventually served all defendants with the exception of American Security and Merrill Lynch Trust.[2]

On May 11, 2015, American Security served Douge with a motion to dismiss for failure to serve process within 120 days as required by Federal Rule of Civil Procedure ("Rule") 4(m) and for failure to comply with court orders pursuant to Rule 41(b). (American Security Mot. to Dismiss.) To date, Douge has not filed a reply to American Security's motion.

Also on May 11, 2015, the Sandelands Eyet defendants and the Bryan Cave defendants filed separate motions to dismiss the complaint pursuant to Rule 12(b)(6). (Sandelands Eyet Mot. to Dismiss; Bryan Cave Mot. to Dismiss.) The motions, *inter alia*, argue that Douge fails

---

[2] It is not clear whether Douge served defendant Merrill Lynch Trust, who has failed to appear thus far. Nevertheless, this Memorandum and Order dismisses all claims against Merrill Lynch Trust for the reasons discussed in Sections II and III, *infra*.

to state a claim upon which relief can be granted, Douge lacks standing under the FDCPA, Douge fails to comply with Rule 8(a)(2), and Douge's complaint is time-barred.

On August 12, 2015, Douge filed a "WRIT OF ASSIZE TO SHOW CAUSE IN THE NATURE OF QUO WARRANTO," seemingly in response to the Sandelands Eyet defendants' and the Bryan Cave defendants' motions. (Writ (Doc. No. 37).) This filing presents no cognizable arguments, theories of law, or allegations of fact to support a legal basis for an opposition to defendants' motions and is largely incoherent.[3] Defendants declined to file reply briefing.

## FACTUAL BACKGROUND

Construing his papers liberally and to raise the strongest arguments possible, Douge alleges some form of interest in a property at 243-58 Mayda Road, Rosedale, New York 11422 (the "Mayda Road property"). Between July 12, 2013 and March 3, 2014, Nationstar attempted to collect a debt relating to the Mayda Road property from the now deceased "Raymonde and Claude Riviere." (Exs. A–C, G (Doc. No. 1) at 11–21, 39.)[4]

On October 14, 2013, Douge sent two letters to Ms. Claudia Garcia, Customer Relations Specialist at Nationstar, claiming that he was responsible for the Mayda Road property as part of the "DjedfreSenAmun Trust" and that attempts to collect on the mortgage related to the property were violative of federal law. (Ex. E (Doc. No. 1) at 30–35.) The same day, a letter to Nationstar, purportedly from Raymonde and Claude Riviere, requested that various documents related to the mortgage and underlying promissory note on the Mayda Road property be sent "[i]n care of M.A. Douge." (*Id.* at 25–27.) On September 27, 2013, Nationstar responded to

---

[3] For example, the "Writ" appears to accuse defendants at large of "Coercive tactics of Genocide" and of "us[ing] unlawful Colonial tactics that constitute Genocide . . . which are Terroristic Acts which violate Sacred Religious Liberties as on an Antochton American." (Writ at 3.)

[4] For ease of reference, citations to court documents utilize ECF pagination.

Douge, declining his requests and stating that he was not an authorized third party or executor of the estate of the Rivieres. (Ex. F (Doc. No. 1) at 36–37.)

Douge alleges that these communications were an "unwavering and insistent pattern of [misrepresentations as to] the true nature and character of an alleged debt," which caused him emotional distress. (*See* Compl. at 2, 4–9.) While only Nationstar communicated with Douge, he alleges that all defendants acted "in concert." (*Id.* at 3.)

## DISCUSSION

Of the seven named defendants in the case, one has filed a motion to dismiss pursuant to Rules 4(m) and 41(b).[5] Five defendants have filed motions to dismiss pursuant to Rules 12(b)(6) and 8(a)(2).[6] The Court now examines the motions, respectively.

### I. Dismissing the Complaint Pursuant to Rule 4(m)

"[The] Federal Rules . . . are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Under Rule 4(m), plaintiffs are required to serve process on each defendant within 120 days of filing a complaint.[7] Service of process is not a mere technicality but a requirement to afford proper regard to due process. *See Wanamaker v. Nat'l Data Research, Inc.*, No. 12-CV-154-A, 2014 WL 585434, at *1 (W.D.N.Y. Feb. 13, 2014). If the plaintiff fails to effect service during the prescribed timeframe, the court must dismiss the action without prejudice or order that service be made within a specific time. Fed. R. Civ. P. 4(m). Absent a

---

[5] Because the claims against American Security are dismissed pursuant to Rule 4(m), the Court declines to consider dismissal under Rule 41(b). *See* Section I, *infra*.

[6] The Court dismisses the complaint pursuant to Rule 12(b)(6). Therefore, the Court need not rule today on whether Douge's complaint violates Rule 8 or if his action is time-barred. See Sections II and III, *infra*.

[7] At the commencement of this action, the governing Rule 4(m) permitted 120 days for plaintiff to serve process on domestic defendants. The 2015 Revised Edition of the Federal Rules of Civil Procedure shorten the timeframe to 90 days. *See* Fed. R. Civ. P. 4(m).

4

showing of good cause for the failure to timely serve process, dismissal is appropriate. *Id.*; *see also Zapata v. City of New York*, 502 F.3d 192, 199 (2d Cir. 2007); *McCluskey v. Town of E. Hampton*, No. 13-CV-1248, 2014 WL 3921363, at *10 (E.D.N.Y. Aug. 7, 2014); *W. v. Arbogast,* No. 09-CV-3792, 2010 WL 5057262, at *2–3 (E.D.N.Y. Nov. 5, 2010) (Report and Recommendation), *adopted by* 2010 WL 5067974 (E.D.N.Y. Dec. 6, 2010) (recommending dismissal as required for failure to serve process in accord with Rule 4(m)).

In the instant case, the complaint was filed on October 20, 2014 and Douge failed to serve process before February 17, 2015 – the 120-day deadline pursuant to Rule 4(m). The Court then extended Douge's deadline to March 17, 2015, and Douge again failed to serve timely process. American Security's Motion to Dismiss was served 56 days after Douge's extended March 17 deadline and 204 days after the complaint was filed. Douge has failed to show good cause for not effecting service of process in this timeframe. Accordingly, dismissal is appropriate. *See Mares v. United States*, No. 14-CV-2396, 2015 WL 5780447, at *1 (2d Cir. Oct. 5, 2015) ("[A] district court has wide latitude in deciding when to grant extensions absent good cause.").

The Court must note that this dismissal is effectively with prejudice because any re-filed claim will be time-barred. *See Zapata*, 502 F.3d at 197. The FDCPA has a one-year statute of limitations for civil liability. 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs."). The last communication from Nationstar is dated March 3, 2014. Even assuming *arguendo* that this letter constitutes a portion of an ongoing pattern of behavior that would violate the FDCPA, without anything more recent, Douge would likely be time-barred from refiling an action. Nevertheless, the Court declines to "relieve [Douge] of the consequences of

5

an application of [Rule 4m]" because, for the reasons discussed in the sections below, such relief would be futile. *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506 (S.D.N.Y. Jun. 30 1999); *see also Frasca v. United States*, 921 F.2d 450, 453 (2d Cir. 1990) ("[A] dismissal for failure properly to serve the defendant within 120 days of the filing of the complaint is without prejudice. Nevertheless, dismissal is proper even if it occurs after the expiration of the applicable statute of limitations period, and its effect is to bar the plaintiff's claim." (internal citations omitted)). Thus, the claims that Douge asserts against American Security are dismissed pursuant to Rule 4(m).

## II.     Dismissing the Complaint Pursuant to Rule 12(b)(6)

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to examine the legal, rather than factual, sufficiency of a complaint. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court considering a Rule 12(b)(6) motion must "take[ ] factual allegations [in the complaint] to be true and draw[ ] all reasonable inferences in the plaintiff's favor." *Harris*, 572 F.3d at 71 (citation omitted). A complaint need not contain "detailed factual allegations," but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The determination of whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007)).

"Although a *pro se* plaintiff must satisfy pleading requirements, the Court is 'obligated to construe a *pro se* complaint liberally.'" *Malachi v. Postgraduate Ctr. for Mental Health*, No. 10-CV-3527, 2013 WL 782614, at *1 (E.D.N.Y. Mar. 1, 2013) (quoting *Harris*, 572 F.3d at 71–72). Nevertheless, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist," *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995), and "[w]hen a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim." *Malachi*, 2013 WL 782614, at *1 (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)).

### a. Douge Fails to State a Claim Upon Which Relief May Be Granted

The complaint entirely fails to plead enough facts to state a plausible claim under the FDCPA. Douge cites four[8] sections of the FDCPA in his complaint: § 1692e "False or Misleading Representations," § 1692f "Unfair Practices," § 1692a(6) "Debt Collector" (definition of), and § 1692k(a)(1) "Civil Liability."[9] (Compl. at 4–7.) Of those cited sections,

---

[8] The Court presumes Douge's additional citation to § 1692(a)(k) is a typographical error as this is not an existing section of the FDCPA.

[9] Though he cites to § 1692k(a)(1), defendants suggest that Douge's request for "unlimited damages" for "emotional distress, embarrassment and humiliation" may be an attempt to bring a state-law based tort claim. (*See* Compl. at ¶ 16; Bryan Cave Mem. in Supp. (Doc. No. 24) at 9–11; Sandelands Eyet Mem. in Supp. (Doc. No. 27-1) at 14–15.) To the extent Douge is attempting to bring such a claim, the Court declines to exercise pendant jurisdiction in light of its dismissal of all of Douge's federal claims. *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 121–22 (2d Cir. 2006); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also United Mine Workers of*

violations may be established under § 1692e or § 1692f. To establish liability under § 1692e, a plaintiff must establish that a defendant is a debt collector within the meaning of the FDCPA and employed "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (containing sixteen subsections as examples of false and/or misleading practices). To establish liability under § 1692f, a plaintiff must establish that a defendant is a debt collector within the meaning of the FDCPA and employed "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f (containing eight subsections as examples of unfair and/or unconscionable practices). In both cases, in order to establish civil liability under § 1692k(a), a plaintiff must show that a defendant debt collector violated a subchapter of the FDCPA and that defendant violated that subchapter with respect to "any person." 15 U.S.C. § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person.").

First, it is impossible here to draw a reasonable conclusion that any defendant, save Nationstar and First Franklin Trust, could be liable for any conduct complained of by Douge. By Douge's own complaint, at the time the alleged conduct occurred, only Nationstar (as servicer) and First Franklin Trust (as owner) had an interest in the promissory note and the underlying mortgage on the Mayda Road property. (Compl. at 6, 39.) Douge has failed to plead any facts upon which the Court could infer that the other defendants reached out to Douge or are even debt collectors within the contemplation of the FDCPA. 15 U.S.C. § 1692a(6) (defining a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects

---

*America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice. . . . [I]f the federal law claims are dismissed before trial . . . the state claims should be dismissed as well.").

8

or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"). While the Court has considered all of the factual allegations in the complaint to be true, the Court is not bound to accept as true conclusory legal statements couched as factual allegations. *Iqbal*, 556 U.S. at 678. Thus, the only two defendants against whom Douge could possibly assert a claim are Nationstar and First Franklin Trust and his claims against the other defendants fail as a matter of law.

Moreover, stating in a conclusory fashion that communications from Nationstar were made "with the intent to deceive and misrepresent facts" and that Nationstar "continued its pattern of violating § 1692e [b]y making false and misleading representations," does not entitle Douge to relief under § 1692e as Douge has failed to plead any facts from which the Court could infer that any such misrepresentations were made. (*See* Compl. at 1, 11–12.) Similarly, asserting that he was forced into an "unconscionable" bargain at the hands of defendants, without any explanation, does not avail Douge to relief under § 1692f. (*See id.* at 4.)

While the complaint need not be complete as to the legal theory averred by Douge, here it does not contain direct allegations on every material point necessary to sustain a recovery or, alternatively, allegations from which an inference fairly may be drawn that evidence on these material points will be available and introduced at trial on *any* legally cognizable theory. Thus, for the aforementioned reasons, Douge has failed to state a claim upon which relief may be granted under the FDCPA as to all defendants.

### III. Douge Lacks Standing to Seek Relief Under the FDCPA

Even if Douge were to adequately plead facts to state a claim to survive a 12(b)(6) motion, he lacks standing to seek relief under the FDCPA. The FDCPA protects consumers from deceptive and abusive practices to staunch collection efforts that reach beyond nettlesome

into the realm of illegality.  *See* 15 U.S.C. § 1692.  Here, Douge has not plausibly alleged facts from which the Court can determine that he was a "consumer" under the FDCPA, that he "stands in the shoes" of such a consumer, or that he was injuriously exposed by debt collection efforts.  Therefore, he lacks standing to pursue claims under the FDCPA.

The Second Circuit has held that there are three distinct situations in which a plaintiff has standing to maintain a cause of action against a debt collector for violations of the FDCPA.  *Sibersky v. Goldstein*, 155 F. App'x 10, 11–12 (2d Cir. 2005); *Kinkade v. Estate Info. Servs., LLC*, No. 11-CV-4787, 2012 WL 4511397, at *4 (E.D.N.Y. Sept. 28, 2012).  Specifically, a plaintiff must 1) be a "consumer" as defined by the Act; 2) stand in the shoes of such a "consumer"; or 3) plead injurious exposure as a result of the communications at issue.  *Sibersky*, 155 F. App'x at 11–12; *Kinkade*, 2012 WL 4511397, at *4.

The FDCPA defines a consumer as "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).  Douge does not fit such a description.  Douge fails to plead any facts from which the Court could infer that he has an interest in the Mayda property.  To the same end, the letters attempting to collect the debt are not addressed to Douge and Douge's name appears nowhere on the original promissory note.  (Ex. 2 (Doc. No. 23-2) at 2–9.)[10]  Thus, Douge lacks standing as a "consumer" to prosecute this case against Nationstar or any other named defendant.

Likewise, Douge fails to plead any facts from which the Court can infer that he "stands in the shoes" of the Rivieres – the consumers of Nationstar's debt.  Illustrative of this point is the

---

[10] Second Circuit precedent allows the Court to consider materials outside of the pleading without mandatory conversion of a motion to dismiss to one for summary judgment if they are annexed to the pleadings or incorporated by reference therein.  *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("[W]e have held that the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.").  The promissory note is incorporated by reference in the complaint.

fact that Douge has unsuccessfully attempted to substitute himself as a defendant in a pending foreclosure proceeding for Claude and Raymond Riviere.[11] (Bryan Cave Mot. to Dismiss (Doc. No. 27-3) at 68–69.) Even if the Court assumes *arguendo* that Douge had a valid power of attorney over the affairs of Claude and Raymond Riviere,[12] he could no longer be standing in their shoes in relation to the mortgage loan for events that occurred after their death. (*Id.* at 65 ("Douge acknowledges that both . . . Raymonde and Claude Riviere are, in fact, deceased.").) N.Y. Gen. Oblig. Law § 5-1511(1) (McKinney) ("A power of attorney terminates when . . . the principal dies."); *see Hunt v. Rousmanier's Adm'rs*, 21 U.S. 174 (1823) ("[A] power of attorney . . . becomes (at law) extinct by his death."). Douge does not stand in the shoes of the Rivieres as to their interest in the mortgage loan and therefore lacks standing on this theory to maintain an action against any defendants.

Finally, Douge fails to adequately allege any "injurious exposure" to trigger standing to prosecute a claim against Nationstar. Although the Second Circuit has never ruled precisely on what would constitute "injurious exposure" to a non-consumer, district courts have held that the dispositive question is "whether Plaintiff has alleged exposure to unlawful conduct and/or that the unlawful conduct was directed at her." *Kinkade v. Estate Info. Servs., LLC*, No. 11-CV-4787, 2012 WL 4511397, at *5 (E.D.N.Y. Sept. 28, 2012) (collecting cases).

Douge does not allege any injurious exposure to the purported unlawful communications. As addressed above, Douge fails to allege that any of defendants' communications ran afoul of the law. Additionally, Douge does not even allege that any of Nationstar's collection efforts were directed at him. Not a single communication regarding the mortgage and promissory note

---

[11] In addition to extrinsic sources of information such as those annexed to or incorporated by reference in the complaint, the Court may consider matters of which judicial notice may be taken, such as those available in the public record. *See Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).
[12] Douge provides no basis to believe he has such authority.

were addressed to him, with the exception of a letter from Nationstar stating that it was not authorized to discuss the loan at issue with him, sent in response to his letter requesting information about the mortgage and promissory note. (Ex. F at 36.) Every other communication and debt collection effort was expressly addressed to Claude and Raymonde Riviere. In fact, the Court cannot determine how Douge even received said letters. Douge's unsubstantiated conclusory statements that the letters caused him emotional distress and embarrassment are insufficient to allege injurious exposure.

Douge has not plausibly alleged facts from which the Court can infer that he was a "consumer" under the FDCPA, that he "stands in the shoes" of such a consumer, or that he was injuriously exposed by Nationstar's debt collection efforts. Therefore, he lacks standing to pursue claims under the FDCPA.

The Court notes that, when, as here, the pleadings are insufficient, Rule 15(a) contemplates that courts should "freely give leave [to amend] when justice so requires." This standard is flexible and liberalized even further for *pro se* plaintiffs. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Yet even under this broad standard, the Court maintains its discretion to deny leave to amend "in instances of futility." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 125–26 (2d Cir. 2008) (citation omitted). Here, any attempts to amend the complaint would be futile. As such, the Court denies Douge leave to amend his complaint and dismisses the complaint pursuant to 12(b)(6) with prejudice.

## CONCLUSION

For the foregoing reasons, American Security's Motion to Dismiss, the Bryan Cave defendants' Motion to Dismiss, and the Sandelands Eyet defendants' Motion to Dismiss are GRANTED. The Clerk of Court is directed to enter judgment accordingly, mail a copy of this

Memorandum and Order to the plaintiff *pro se* and note such mailings on the docket, and close the case.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                                                SO ORDERED.

                                                *Roslynn R. Mauskopf*

Dated: Brooklyn, New York
       March 27, 2016                              _____
                                                   ROSLYNN R. MAUSKOPF
                                                   United States District Judge